# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LARRY ROBINSON, )
)
    Plaintiff, )
)
v. ) Case No. CV415-327
)
DR. HENDERSON, )
)
    Defendant. )

## ORDER

Larry Robinson has filed a 42 U.S.C. § 1983 case alleging constitutionally deficient medical care by a prison doctor. Doc. 1. He also moves for leave to proceed *in forma pauperis* (IFP), doc. 2, and for a preliminary injunction. Doc. 3. His attached prison record shows that he's now out on parole. The attached public court records reveal that one "Larry Robinson" has filed two prior civil rights cases: *Robinson v. Ford*, CV695-059, doc. 11 (M.D. Ga. Jan. 14, 1995); *Robinson v. Paulk*, CV703-116 (M.D. Ga. Dec. 17, 2003) (dismissal for failure to prosecute).

Yet, plaintiff checked "No" when he answered Question 1(B) on the civil complaint form, which asked "[w]hile incarcerated in any facility,

have you brought any lawsuits in federal court which deal with facts other than those involved in this action?" Doc. 1 at 2. He also answered "No" to Question 1(C), which asked him whether he suffered any dismissals in IFP actions "on the ground that [such were] frivolous, malicious, or failed to state a claim?" Doc. 1 at 3. The "Larry Robinson" cases show two abandonment dismissals, one while plaintiff was incarcerated. If those are *this* Larry Robinson's prior cases, then he must account for them. It's common for inmates to indulge in such omissions because serial filers who seek IFP status must surmount 28 U.S.C. § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on *3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

The Court therefore **ORDERS** plaintiff to admit or deny that he is the same "Larry Robinson" who filed those prior cases. If he is, then he must show cause why this case should not be dismissed for lying to this Court. As previously explained:

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed.2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 2010 WL 2170970 at *1 (11th Cir. June 1, 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).

*Kelly v. Prison Health Serv.*, 2010 WL 3667027 at * 1 (S.D. Ga. Sept. 15, 2010), quoted in *Willis v. Brown*, 2012 WL 5378731 at * 2 (S.D. Ga. Oct. 29, 2012); *see also Bright v. Corizon Health Corp.*, 2015 WL 9257155 at *2 n. 2 (S.D. Ga. Dec. 18, 2015) ("Furthermore, liars may be prosecuted.");

*Owens v. Morales*, 2015 WL 5040245 at * 2 (S.D. Ga. Aug. 25, 2015).

The Court also notes from the attached prison record that Robinson was granted parole on November 30, 2015. That's ten days after he signed off on his Complaint (doc. 1 at 10) and request for preliminary injunction. Doc. 3. (His case, incidentally, was not filed with the Clerk of this Court until December 28, 2015, doc. 1 at 1). While plaintiff's pre-parole damages claims are not mooted by his parole, *cf., Baker v. County of Sonoma*, 2009 WL 330937 at * 4 (N.D. Cal. Feb. 10, 2009) (the exhaustion requirement of the Prison Litigation Reform Act did not apply to claims by a former inmate where his claims were filed after he had been released from custody), his injunctive relief claim is. *See* doc. 3 at 1-2 (requesting that this Court abate prison's interference with his access to needed medical care).

Finally, even if the Court finds that Robinson has not lied and grants his IFP motion, he will still have to pay (over installments) the $350 filing fee. He thus should consider these points before responding to this Order (he retains the option to voluntarily dismiss this case).

To summarize, Larry Robinson must, within 21 days of the date this

Order is served, admit or deny (under penalty of perjury) whether he filed the above-noted cases.[1] If the Court rules that he has lied, then it will advise that his case should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), for abuse of judicial process[2] and that dismissal will count as a 28 U.S.C. § 1915(g) strike against him.[3]

**SO ORDERED**, this 4th day of January, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] At the end of his response he must write: I declare, under penalty of perjury, that the foregoing is true and correct and that this was placed in my prison's mailing system on _____, 2016.

[2] *See Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible), cited in *Malone v. Bentley*, 2015 WL 1608089 at * 1 (S.D. Ala. Apr. 10, 2015) ("An action is deemed malicious under [28 U.S.C.] § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as such a complaint 'constitutes abuse of the judicial process warranting dismissal of the case without prejudice.'").

[3] The Court also reminds him that it is his responsibility to keep this Court timely informed of any address change. Failure to do so will result in a dismissal recommendation.

5

Official Portal for the State of Georgia
Georgia Governor Nathan Deal

# Georgia Department of Corrections

• Find an Offender
• Find a Facility
• Send Money
Home
About GDC▽
Divisions▽
Offender Information▽
Community Services▽
News▽
Reports▽
GDC Jobs
GA Sex Offender Registry

SHARE  ★ Translate  Search: [    ] 🔍
TEXT

## Find an Offender

**Click here to start over** | **Return to previous screen**

The following represents the most recent information for this offender in our website database. However, this information is not delivered in "real time", and there may have been recent changes that are not displayed belov you have questions, or find the below information incorrect, please contact/email us by clicking this link. Once click the link, please select the category *'Information about a specific Offender/Transfers/County Jail Pick-u*

**ROBINSON, LARRY**
**GDC ID: 0000728974**



**PHYSICAL DESCRIPTION**
**YOB:** 1958
**RACE:** BLACK
**GENDER:** MALE
**HEIGHT:** 5'10"
**WEIGHT:** 172
**EYE COLOR:** BROWN
**HAIR COLOR:** GRAY

SCARS, MARKS, TATTOOS

INCARCERATION DETAILS
**MAJOR OFFENSE:** BURGLARY
**MOST RECENT INSTITUTION:** COASTAL STATE PRISON
**MAX POSSIBLE RELEASE DATE:** 05/14/2030 Important Release Information
For parole information please go to Georgia State Board of Pardons and Paroles website.

**ACTUAL RELEASE DATE:** 11/30/2015
**CURRENT STATUS:** PAROLE

KNOWN ALIASES
**A.K.A.** ROBINSON,LARRY
**A.K.A.** ROBINSON,LARRY NMI

STATE OF GEORGIA - CURRENT SENTENCES
**CASE NO: 541907**
**OFFENSE:** THEFT MOTORVEH OR PART

| | |
|---|---|
| CONVICTION COUNTY: | LOWNDES COUNTY |
| CRIME COMMIT DATE: | 05/15/2003 |
| SENTENCE LENGTH: | 9 YEARS, 0 MONTHS, 0 DAYS |
| | **CASE NO: 541907** |
| OFFENSE: | BURG BEF 7/1/12 |
| CONVICTION COUNTY: | LOWNDES COUNTY |
| CRIME COMMIT DATE: | 05/15/2003 |
| SENTENCE LENGTH: | 18 YEARS, 0 MONTHS, 0 DAYS |

STATE OF GEORGIA - PRIOR SENTENCES

**CASE NO: 316196**

| | |
|---|---|
| OFFENSE: | THEFT BY REC STOLEN PROP |
| CONVICTION COUNTY: | LOWNDES COUNTY |
| CRIME COMMIT DATE: | 12/08/1992 |
| SENTENCE LENGTH: | 4 YEARS, 0 MONTHS, 0 DAYS |

**CASE NO: 316196**

| | |
|---|---|
| OFFENSE: | POSS FIREARM CONVCT FELON |
| CONVICTION COUNTY: | LOWNDES COUNTY |
| CRIME COMMIT DATE: | 12/08/1992 |
| SENTENCE LENGTH: | 4 YEARS, 0 MONTHS, 0 DAYS |

**CASE NO: 316196**

| | |
|---|---|
| OFFENSE: | BURG BEF 7/1/12 |
| CONVICTION COUNTY: | LOWNDES COUNTY |
| CRIME COMMIT DATE: | N/A |
| SENTENCE LENGTH: | 0 YEARS, 72 MONTHS, 0 DAYS |

**CASE NO: 418182**

| | |
|---|---|
| OFFENSE: | BURG BEF 7/1/12 |
| CONVICTION COUNTY: | LOWNDES COUNTY |
| CRIME COMMIT DATE: | N/A |
| SENTENCE LENGTH: | 10 YEARS, 0 MONTHS, 0 DAYS |

STATE OF GEORGIA - INCARCERATION HISTORY

| INCARCERATION BEGIN | INCARCERATION END |
|---|---|
| 11/05/2013 | 11/30/2015 |
| 05/04/2004 | 11/29/2011 |
| 05/18/1999 | 12/21/2000 |
| 09/01/1993 | 09/11/1996 |

Site Map
Privacy
Links
Contact Us
Help

# U.S. District Court [LIVE AREA]
# Middle District of Georgia (Thomasville)
# CIVIL DOCKET FOR CASE #: 6:95-cv-00059-WLS

Robinson v. Ford, et al  
Assigned to: U.S. District Judge W LOUIS SANDS  
Demand: $0  
Cause: 42:1983 Prisoner Civil Rights  

Date Filed: 09/19/1995  
Date Terminated: 01/14/1999  
Nature of Suit: 550 Prisoner: Civil Rights  
Jurisdiction: Federal Question  

**Plaintiff**

**Larry Robinson**  represented by  **Larry Robinson**  
GDC728974  
DOOLY STATE PRISON  
PO BOX 750  
UNADILLA, GA 31091  
PRO SE  

V.

**Defendant**

**Earl Ford**

**Defendant**

**Rufus Stevens**

**Defendant**

**John Bulloch**

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 09/19/1995 | 1 | MOTION by Larry Robinson to Proceed in Forma Pauperis with supporting Affidavit. (FE) (Entered: 09/20/1995) |
| 09/19/1995 | 2 | ORDER REFERRING CASE to Mag. Judge Richard L. Hodge. (FE) (Entered: 09/20/1995) |
| 09/19/1995 | 3 | ORDER granting [1-1] motion to Proceed in Forma Pauperis ( signed by Mag. Judge Richard L. Hodge ) (FE) (Entered: 09/20/1995) |
| 09/19/1995 | 4 | COMPLAINT filed; Service of Complaint due by 1/17/96 for John Bulloch, for Rufus Stevens, and for Earl Ford. No filing fee paid as IFP approved by Hon. Richard L. Hodge. (FE) (Entered: 09/20/1995) |

| | | |
|---|---|---|
| 10/30/1995 | 5 | Return of SERVICE UNEXECUTED as to Rufus Stevens (FE) (Entered: 10/30/1995) |
| 10/30/1995 | 6 | Return of SERVICE UNEXECUTED as to Earl Ford (FE) (Entered: 10/30/1995) |
| 10/30/1995 | 7 | Return of SERVICE UNEXECUTED as to John Bulloch (FE) (Entered: 10/30/1995) |
| 10/27/1998 | 8 | ORDER TO SHOW CAUSE why complaint should not be dismissed for failure to prosecute: Show Cause Brief Deadline set for 11/13/98 ( signed by Mag. Judge Richard L. Hodge ) (FE) (Entered: 10/27/1998) |
| 12/09/1998 | 9 | REPORT AND RECOMMENDATION of Mag. Judge Richard L. Hodge to dismiss civil action. Case no longer referred to Mag. Judge Richard L. Hodge. Objections to R and R due by 12/28/98. (FE) (Entered: 12/09/1998) |
| 01/13/1999 | 10 | ORDER adopting [9-1] report and recommendations that case be dismissed for lack of prosecution ( signed by Judge W. L. Sands ) (FE) (Entered: 01/14/1999) |
| 01/14/1999 | 11 | JUDGMENT for Earl Ford, Rufus Stevens, John Bulloch against Larry Robinson. (FE) (Entered: 01/14/1999) |
| 01/14/1999 | | Case Closed (FE) (Entered: 01/14/1999) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/28/2015 15:56:51 | | | |
| PACER Login: | ja1219:2888628:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 6:95-cv-00059-WLS |
| Billable Pages: | 1 | Cost: | 0.10 |

CLR

# U.S. District Court [LIVE AREA]
## Middle District of Georgia (Valdosta)
## CIVIL DOCKET FOR CASE #: 7:03-cv-00116-HL-RLH

Robinson v. Paulk  
Assigned to: U.S. District Judge HUGH LAWSON  
Referred to: U.S. Mag. Judge Richard L. Hodge  
Demand: $0  
Cause: 42:1983 Prisoner Civil Rights  

Date Filed: 10/16/2003  
Date Terminated: 12/17/2003  
Nature of Suit: 555 Prisoner: Prison Condition  
Jurisdiction: Federal Question  

**Plaintiff**

**Larry Robinson**     represented by   **Larry Robinson**
GDC10650
300 Pierce Industrial Boulevard
Pierce County Jail
Blackshear, GA 31516
PRO SE

V.

**Defendant**

**ASHLEY PAULK**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/16/2003 | 1 | MOTION by Larry Robinson to Proceed in Forma Pauperis . (rlw) (Entered: 10/16/2003) |
| 10/16/2003 | 2 | COMPLAINT filed; Status Review Deadline set for 10/15/04. (rlw) (Entered: 10/16/2003) |
| 10/16/2003 | 3 | ORDER REFERRING CASE to Mag. Judge Richard L. Hodge. (rlw) (Entered: 10/16/2003) |
| 10/27/2003 | 4 | ORDER TO SUPPLEMENT Complaint. Deadline for filing of Supplement set for 12/2/03 for Larry Robinson and granting [1-1] motion to Proceed in Forma Pauperis. (signed by Mag. Judge Richard L. Hodge) (rlw) (Entered: 10/29/2003) |
| 12/16/2003 | 5 | ORDER dismissing Plaintiff's Complaint for failure to prosecute his complaint and for failure to comply with this Court's order of 10/27/03. (signed by Judge Hugh Lawson) Civil Order File volume #K, page #67. (rlw) (Entered: 12/17/2003) |
| 12/17/2003 | 6 | JUDGMENT for Ashley Paulk against Larry Robinson. (rlw) (Entered: 12/17/2003) |

| 12/17/2003 | | Case Closed. (rlw) (Entered: 12/26/2003) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/28/2015 16:05:26 | | | |
| PACER Login: | ja1219:2888628:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 7:03-cv-00116-HL-RLH |
| Billable Pages: | 1 | Cost: | 0.10 |